IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT LINDSAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0892-CV-W-GAF-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Scott Lindsay, filed an application for supplemental security income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381, *et seq*, which was denied initially. Plaintiff appealed the denial and an administrative hearing was held on April 2, 2008, wherein the administrative law judge ("ALJ") found that Plaintiff was "not disabled." The Appeals Council denied Plaintiff's request for review on November 6, 2008, making the decision of the ALJ the final decision of the Commissioner and subject to judicial review under 42 U.S.C. § 405(g).

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935 (citing *Eichelberger v. Barnhart*, 390 F.3d 584,

589 (8th Cir. 2004)). A court should disturb the ALJ's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *See Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit has further noted that a court should "defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 1382c(a)(3)(A).[1]

On appeal, Plaintiff challenges the ALJ's residual functional capacity ("RFC") determination. In considering this challenge, an analysis of the ALJ's credibility determination is required. In this regard, the ALJ found that Plaintiff had severe impairments of a disorder of the spine and a personality disorder. However, the ALJ then determined that Plaintiff's allegations as to the degree of limitation imposed by his impairments were not fully credible.

The record reflects the ALJ evaluated Plaintiff's credibility in accordance with the framework set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), and the regulations at 20 C.F.R. § 416.929, with consideration of all evidence relating to Plaintiff's subjective complaints, including such factors as his prior work records; observations by third parties and

---

[1] Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

2

physicians regarding his disability; his daily activities; the duration, frequency, and intensity of his pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medications; and his functional restrictions. If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, the court will normally defer to the ALJ's credibility determination. *See Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007) (citing *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003)). Here, the ALJ acknowledged and considered the *Polaski* factors and determined that Plaintiff's allegations of disabling limitations were inconsistent with his failure to seek treatment for his mental impairment and the medical evidence of record.

As one part of the credibility analysis, the ALJ considered inconsistencies between Plaintiff's allegations and the medical evidence of record. First, as to Plaintiff's allegations of mental impairments, the ALJ determined that although Plaintiff had a severe mental impairment, this impairment was not completely disabling. The medical evidence of record supports the ALJ's determination.

There is no evidence of any mental health treatment on the record and Plaintiff admitted on multiple occasions that he was not taking psychiatric medications or receiving any mental health counseling. The absence of any evidence of ongoing counseling or psychiatric treatment disfavors a finding of disability. *See Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (citing *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). Plaintiff was once assigned a GAF of 40 by a one-time consultative psychologist, but medical records obtained after that date showed that Plaintiff had a normal mental status. Plaintiff's treating physician, Dr. Lowry, noted that Plaintiff's neurologic and psychiatric status were normal and he had normal orientation,

3

memory, attention span and concentration, language, and fund of knowledge.  In March 2008, Dr. Waldman also opined that Plaintiff had a normal mental status, judgment, and insight.

Other evidence of record also supports the ALJ's finding that Plaintiff's mental impairment was not disabling.  At a consultative psychological evaluation in September 2005, Dr. Israel found that Plaintiff's mood did not reflect unusual anxiety or depression.  Dr. Israel further opined that Plaintiff could understand and remember instructions and was capable of persistence and concentration on tasks.  He concluded that Plaintiff could perform jobs that did not involve extensive interaction with fellow workers or consumers.

The mere presence of a mental disturbance is not disabling *per se*, absent a showing of severe functional loss establishing an inability to engage in substantial gainful activity.  *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990); *Dunlap v. Harris*, 649 F.2d 637, 638 (8th Cir. 1981).  Here, Plaintiff failed to meet his burden of establishing that his mental impairments were disabling.  Plaintiff's failure to seek mental health treatment and the above-mentioned medical evidence supports the ALJ's finding that Plaintiff's allegations of disabling mental impairments were not fully credible.

Continuing the credibility analysis, the ALJ also determined that there was minimal medical evidence to support Plaintiff's allegations of disabling physical impairments.  It is Plaintiff's responsibility to provide medical evidence to show that he is disabled and Plaintiff failed to meet his burden.  *See* 20 C.F.R. § 416.912.  There is no medical evidence from the relevant time period that the ALJ could have relied on to establish complete disability.  *See Loving v. Dept. of Health and Human Servs.*, 16 F.3d 967, 970 (8th Cir. 1994).  In fact, no physician opined that Plaintiff was disabled or limited his activities to a greater degree than

outlined by the ALJ. *See Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996)) (lack of significant restrictions imposed by treating physicians supported by the ALJ's decision of not disability).

There are also multiple gaps in Plaintiff's treatment history. From December 2005 to November 2006, Plaintiff complained only of dental pain, bug bites, and a finger injury and pain from a mass on his right buttock. There is another one year gap in Plaintiff's complaints of back pain from December 2006 to December 2007. It is also significant that Plaintiff repeatedly reported that he was not taking medication for any of his impairments. In February 2005, Plaintiff even rejected a prescription for Motrin. Complaints of functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for his symptoms. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997) (citing *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996)) (failure to take prescription pain medication is inconsistent with complaints of disabling pain).

The evidence on the record supports the ALJ's determination that Plaintiff's impairments were not disabling. In August 2005, Dr. Kenagy found no evidence of a kidney stone or hernia as Plaintiff suspected. Additionally, the record consistently shows that Plaintiff could walk normally and had full strength and range of motion in his extremities. In December 2007, Plaintiff reported injuring himself while pulling a large barrel of metal at work. However, he had full strength in his extremities and a steady gait. In March 2008, Plaintiff again reported injuring himself while lifting heavy equipment. Even then, Plaintiff had a normal range of motion, strength, and tone in his extremities. His doctor opined that Plaintiff had cervical

5

radiculopathy with minimal physical findings and an April 2008 cervical fusion resolved his arm pain.

Plaintiff bears the burden of presenting evidence to show he is disabled and he failed to meet that burden. As his physical examinations consistently revealed normal to only mild findings, the ALJ found that his complaints of disabling physical impairments were not fully credible.

The ALJ also considered Plaintiff's work record and history in evaluating his credibility. Plaintiff reported both in December 2007 and March 2008 that he injured himself pulling heavy equipment and metal at work. Work performed during any period in which a claimant alleges he was disabled is inconsistent with claims of disabling pain and may demonstrate an ability to perform substantial gainful activity. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform substantial gainful activity."); *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). Additionally, Plaintiff reported looking for work and contacting temporary agencies. These statements are inconsistent with disability and indicate that Plaintiff did not view his pain as disabling. *See Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995); *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994); *Mitchell v. Sullivan*, 907 F.2d 843, 844 (8th Cir. 1990).

The ALJ's consideration of the subjective aspects of Plaintiff's complaints complied with the regulations at 20 C.F.R. § 416.929, and the framework set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The relevant issue is not whether Plaintiff experiences the subjective complaints alleged, but whether those symptoms are credible to the extent they prevent him from performing substantial gainful activity. *See Baker v. Apfel*, 159 F.3d 1140, 1145 (8th Cir. 1998);

*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). While the medical evidence did support a degree of limitation, as reflected by the ALJ's RFC determination, Plaintiff's allegations of total disability are not credible because they are inconsistent with the overall evidence of record. Furthermore, the ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints and that finding is supported by substantial evidence of record.

After evaluating Plaintiff's credibility, the ALJ formulated Plaintiff's RFC. RFC is assessed at step four of the sequential evaluation and is based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments. *See* 20 C.F.R. § 416.945. *See also Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (citing *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)).

It is the claimant's burden of prove his RFC at step four of the sequential evaluation process. *See Goff*, 421 F.3d at 793 (citing *Young*, 221 F.3d at 1069 n.5). It is the ALJ's responsibility to determine RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's description of his limitations. *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)).

Here, the ALJ found that Plaintiff had the capacity to perform medium work. The ALJ determined that Plaintiff was capable of understanding and remembering instructions and persisting and concentrating on tasks, but could not perform jobs that involve extensive communications or interaction with fellow workers or consumers.

Plaintiff argues that the ALJ relied on the opinion of a non-medical reviewer in evaluating his RFC. At the initial level of review, the physical assessment was performed by a

7

Single Decision Maker, who is not a physician. Plaintiff's mental assessment was completed by Keith Allen, Ph.D., a psychologist. Although the ALJ was factually incorrect in referring to both as medical consultants, this reference had no substantive bearing on the outcome of the case because the ALJ merely stated that their reports were generally consistent with the medical evidence.

Plaintiff next argues that the ALJ's RFC finding is not supported by medical evidence and that the ALJ was required to seek additional opinions from a medical professional. However, an ALJ is required to order additional examinations only if the medical record does not give sufficient evidence to determine whether the claimant is disabled. *See Barrett*, 38 F.3d at 1023. As discussed above, a consultative medical examiner opined that Plaintiff could work a normal eight-hour day and Plaintiff's physical examinations consistently revealed only minimal to mild findings. In fact, none of Plaintiff's treating sources limited his activities to a greater extent than the ALJ. Here, the ALJ had sufficient evidence to evaluate Plaintiff's impairments and an additional consultative examination was not required.

It is Plaintiff's responsibility to provide medical evidence to show that he is disabled, and Plaintiff failed to meet his burden. *See* 20 C.F.R. § 416.912. *See also Young*, 221 F.3d at 1069 n.5. The ALJ formulated Plaintiff's RFC based on all the relevant evidence, including Plaintiff's own testimony, reports from physicians, and the medical evidence of record. The ALJ thoroughly considered the above-mentioned evidence, explicitly discussing multiple medical appointments and reports from Plaintiff's treating physicians, and properly determined that there was no medical evidence supporting Plaintiff's claims of more disabling limitations. The ALJ's assessed limitations adequately accounted for a reasonable degree of limitation and Plaintiff

failed to show that his impairments imposed more significant limitations.  The ALJ's RFC determination is supported by substantial evidence of record.

As Plaintiff had no past relevant work, the ALJ proceeded to step five of the sequential evaluation process, where the burden shifts to the Commissioner to show "other work" that Plaintiff could perform.  The ALJ found that Plaintiff could perform "other work" existing in significant numbers in the national economy.  The Commissioner may satisfy this burden through the testimony of a vocational expert.  *See* 20 C.F.R. § 416.966(e).  Such testimony, in the form of a response to a hypothetical question posed by the ALJ, constitutes substantial evidence supporting the Commissioner's decision, provided the ALJ's hypothetical includes all of claimant's credible physical and mental impairments.  *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005).

The ALJ properly posed a hypothetical question to a vocational expert based on all of Plaintiff's limitations he found supported by the record.  The vocational expert testified that, based on the credible functional limitations outlined by the ALJ, the hypothetical person could perform a wide range of medium, light, and sedentary work.  The individual could perform medium work as a hospital cleaner (3,900 positions regionally, 264,000 positions nationally) and an industrial cleaner (4,200 positions regionally, 252,000 positions nationally); light work as a bench assembler (2,700 positions regionally, 100,500 positions nationally), and a folding machine operator (400 positions regionally, 12,000 positions nationally); and sedentary work as a bonder, semi-conductor (2,000 positions regionally, 115,000 positions nationally) and a dowel inspector (350 positions regionally, 32,000 positions nationally).  Relying on this testimony, the

9

ALJ found that there were a significant number of jobs in the economy that Plaintiff could perform.

The ALJ assessed Plaintiff's RFC and solicited the testimony of a vocational expert to determine that Plaintiff could perform other work in the national economy.  The ALJ was justified in relying on the vocational expert's testimony in finding Plaintiff not disabled.  *See Nelson v. Sullivan*, 946 F.2d 1314, 1317 (8th Cir. 1991).

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:   July 30, 2009

10

Case 4:08-cv-00892-GAF   Document 14   Filed 07/30/09   Page 10 of 10